IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LUDLOW TUCKER, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. |
| | : 1:13-CV-03403-RWS |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | : |
| Defendant. | : |

## **ORDER**

This case comes before the Court on Defendant's Motion for Summary Judgment [36]. After reviewing the record, the Court enters the following Order.

### **Background**[1]

Plaintiff Ludlow Tucker obtained an automobile insurance policy from Defendant State Farm Automobile Insurance Company for his 2003 Saab 9-5.

---

[1] Plaintiff did not file a response to Defendant's Statement of Material Facts [36-2]. Therefore, Defendant's facts are deemed admitted. See LR 56.1B(2)(a)(2) ("This Court will deem each of the movant's facts as admitted unless the respondent [files a response to the movant's statement of undisputed facts].").

(Def.'s Statement of Material Facts ("SMF"), Dkt. [36-2] ¶¶ 1-2.)  On February 7, 2012, Plaintiff filed a report at the DeKalb County Police Department stating that his Saab had been stolen the previous day, February 6, 2012.  (Id. ¶ 5.)  Plaintiff also submitted a claim to State Farm for the February 6 theft.  (Id. ¶ 6.)

During State Farm's investigation of the claim, State Farm discovered that the car was equipped with an immobilizer system, so it was important to determine who had access to the car's keys when it was stolen.  (Id. ¶ 7.)  State Farm then decided to investigate the facts and circumstances surrounding the loss to determine if the Saab was stolen at the direction of the insured and whether Plaintiff made false statements in connection with the claim.  (Id.)  Throughout the investigation, State Farm regularly reminded Plaintiff that it required strict compliance with all of the policy's provisions.  (Id. ¶ 26.)

In his examination under oath, Plaintiff testified that he left the car overnight at his restaurant because it would not start and then discovered it was missing when he returned to the restaurant the next morning.  (Id. ¶ 8.)  Later in his examination, however, he testified that the car was already gone when he tried to leave the restaurant that night.  (Id.)  He also changed his story about calling a friend for a ride, first stating that he called her when his car would not

2

start, and then stating he called her when he saw the car was missing.  (Id.) Plaintiff provided other inconsistent information about when he last saw the car and when his friend picked him up.  (See id. ¶¶ 9-10.)  In addition, Plaintiff failed to disclose all of his earlier vehicle theft and vandalism claims to Defendant.  (Id. ¶¶ 11-12.)

Upon concluding its investigation, State Farm sent Plaintiff a letter dated April 30, 2013, notifying Plaintiff that State Farm denied his claim.  (Id. ¶ 18.) After State Farm refused to settle the claim, Plaintiff filed this breach of contract action on September 12, 2013.  State Farm moves for summary judgment, arguing that Plaintiff failed to file suit within the one-year time frame established by the insurance policy, and that Plaintiff made false statements with the intent to conceal or misrepresent a material fact in connection with his claim.

## Discussion

I.  **Summary Judgment Legal Standard**

Federal Rule of Civil Procedure 56 requires that summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P.

3

56(a). "The moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.' " Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1259 (11th Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal quotations omitted)). Where the moving party makes such a showing, the burden shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

    The applicable substantive law identifies which facts are material. Id. at 248. A fact is not material if a dispute over that fact will not affect the outcome of the suit under the governing law. Id. An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. at 249-50.

    In resolving a motion for summary judgment, the court must view all evidence and draw all reasonable inferences in the light most favorable to the

4

non-moving party. Patton v. Triad Guar. Ins. Corp., 277 F.3d 1294, 1296 (11th Cir. 2002). But, the court is bound only to draw those inferences which are reasonable. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (internal citations omitted); see also Matsushita, 475 U.S. at 586 (once the moving party has met its burden under Rule 56(a), the nonmoving party "must do more than simply show there is some metaphysical doubt as to the material facts").

## II. Analysis

Defendant's primary argument is that it is entitled to summary judgment because Plaintiff failed to file suit within the one-year contractual suit limitation period. State Farm contends that the policy's one-year limitation deadline expired on February 6, 2013, but that Plaintiff filed his suit seven months late. (See Def.'s Br., Dkt. [36-1] at 6.) Under the terms of the insurance policy, an insured can only bring legal action against State Farm

5

regarding "Physical Damage Coverages if the legal action relating to these coverages is brought against [State Farm] within one year immediately following the date of the accident or *loss*."  (Policy, Dkt. [36-4] at 40 (emphasis in original).)

"Insurance is a matter of contract and the parties are bound by the terms of the policy.  It is also the general rule that the insured is chargeable with knowledge of all the conditions imposed upon him by the terms of his policy." Richmond v. Ga. Farm Bureau Mut. Ins. Co., 231 S.E.2d 245, 249-50 (Ga. Ct. App. 1976) (citations omitted).  Georgia courts have upheld one-year contractual limitations periods like the one in this case.  See, e.g., White v. State Farm Fire & Cas. Co., 728 S.E.2d 685, 687 (Ga. 2012) (finding that a "one-year statute of limitations on initiation of claims for theft coverage in [the plaintiff's] insurance policy is enforceable"); Thornton v. Ga. Farm Bureau Mut. Ins. Co., 695 S.E.2d 642, 643-44, 649 (Ga. 2010) (finding that a one-year contractual claims limitation was unambiguous and was triggered from the date of the loss when it required an insured to file suit within a year "after the date of the loss").

Plaintiff appears to contend that the one-year bar should not apply

6

because the contract was prepared by an insurer and an insured "is unlikely ever to read the detailed contents" of the policy.  (See Pl.'s Resp., Dkt. [38] at 10.)  Plaintiff also appears to argue that an insurer can frustrate an insured's opportunity to file suit by dragging out the claims process while asserting non-waiver of defenses without alerting the insured to the one-year limitation.  (See id. at 9-10.)  Plaintiff does not cite case law supporting these positions, though.

Plaintiff's arguments fail because an insured has "a duty to examine and ascertain for himself what coverage he ha[s]."  Parris & Sons, Inc. v. Campbell, 196 S.E.2d 334, 339 (Ga. Ct. App. 1973).  Consequently, the fact that Plaintiff was unlikely to read the policy's terms or the fact that State Farm did not warn Plaintiff about the limitations period does not save Plaintiff's claim.  Nor does Plaintiff convincingly argue that the terms of the policy are ambiguous.  Moreover, insurers may investigate a claim without waiving any provision of the policy, see O.C.G.A. § 33-24-40(3), so it does not matter that State Farm continued to investigate the claim more than one year after the loss, see Stapleton v. Gen. Accident Ins. Co., 512 S.E.2d 645, 646-47 (Ga. Ct. App. 1999) (holding that an insurer did not waive the two-year contractual limitations period by negotiating with the plaintiff and requesting additional

7

documentation of her claim before closing her file several days after the limitations period expired); Cambridge Mut. Fire Ins. Co. v. Okonkwo, 460 S.E.2d 302, 304 (Ga. Ct. App. 1995) ("[M]erely negotiating for a possible settlement of a disputed claim which is unsuccessfully accomplished is not conduct designed to lull the claimant into a false sense of security and does not preclude an assertion of the contractual one-year provision by the insurer.").

Based on the undisputed facts, the Court finds that Plaintiff filed his suit more than one year after the contractual limitations period, and Defendant is therefore entitled to summary judgment on the breach of contract claim. It follows that Defendant is also entitled to summary judgment on Plaintiff's claims for bad faith and extra-contractual damages.

## Conclusion

For the foregoing reasons, Defendant's Motion for Summary Judgment [36] is **GRANTED**.

**SO ORDERED**, this 19th day of May, 2015.

_____
**RICHARD W. STORY**
United States District Judge